IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02697-BNB

JARVIS MURRAY,

    Applicant,

v.

DENVER COUNTY JAIL,
DEPT. OF CORRECTIONS,
RICK RAEMIRSCH,
BRANDON SHAFFER, and
WALT CHESTERFIELD (Kit Carson Warden),

    Respondent.

ORDER OF DISMISSAL

Applicant, Jarvis Murray, initiated this action while he was detained at the Denver County Jail in Denver, Colorado, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action (ECF No. 3). On October 1, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Murray to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland advised Mr. Murray that the motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was not on the proper form and that he failed to submit a certificate showing the current balance in his inmate account. Mr. Murray was warned that the action would be dismissed without further notice if he failed to cure the deficiencies

within thirty days.

On October 8, 2014, the copy of Magistrate Judge Boland's October 1 order that was mailed to Mr. Murray at the Denver County Jail address he provided was returned to the Court undelivered. The returned envelope (ECF No. 5) is marked "RTS" and bears a stamp that reads "No Longer at this Location." The returned envelope also bears a stamp or sticker that reads "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."

Pursuant to Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, an unrepresented party must file a notice of new address within five days after any change of address. Mr. Murray has failed to comply with the Court's local rules and, as a result, he has failed within the time allowed to cure the deficiencies as directed. Therefore, the action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Murray failed to prosecute and cure the deficiencies as directed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action (ECF No. 3) is denied as moot.

DATED at Denver, Colorado, this  4th  day of    November   , 2014.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court